

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00301-CV

IN THE INTEREST OF Y.R.,
A CHILD

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-103717-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant C.J. (Father) appeals the trial court's final order terminating his parental rights to Y.R. *See* Tex. Fam. Code Ann. § 161.001(b) (West Supp. 2017). The trial court found by clear and convincing evidence that Father's actions satisfied the ground listed in family code section 161.001(b)(1)(Q)—that Father knowingly engaged in criminal conduct that had resulted in his conviction

---

[1]*See* Tex. R. App. P. 47.4.

and imprisonment for an offense and that he was not able to care for the child for not less than two years from the date that the Texas Department of Family and Protective Services filed the petition—and that terminating Father's parental rights was in Y.R.'s best interest.[2] *See id.* § 161.001(b)(1)(Q), (b)(2). Father's appellate counsel has filed a motion to withdraw and an *Anders* brief supporting his motion in which he stated that he had professionally evaluated the record and, after thoroughly reviewing the applicable law, had concluded that there were no arguable grounds to advance and that the appeal was frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). We agree that the appeal is frivolous and affirm the trial court's judgment. We deny as premature counsel's motion to withdraw.

At trial, Father admitted that he was serving a 35-year sentence for a 2017 murder conviction and that he would not be eligible for parole until he had served at least half that sentence—17 1/2 years. The record showed that Y.R. was born in July 2016 and that Father was convicted in 2017 sometime before the August 2017 termination trial. Even assuming that Father received credit for time served awaiting trial, toddler Y.R. faced being parentless for at least his first 17 years of life.[3]

---

[2]The record shows that Y.R.'s mother voluntarily relinquished her parental rights. She has not appealed.

[3]Father's conviction was not admitted into evidence but was admitted for record purposes only. It shows that Father received credit for time served going back to late June 2016.

On the Friday before Father's termination trial, the Department had conducted a home study on one of Father's relatives but had not yet approved it. That relative testified that she wanted to adopt Y.R. and was willing to give Y.R. Father's last name.

Counsel's brief and motion present the required professional record evaluation demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in parental-termination cases), *disp. on merits*, No. 02-01-00349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.). Further, Father has been provided a copy of counsel's motion to withdraw, brief in support of his motion, and the record. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014).

The Department filed a letter in which it agreed with Father's counsel's conclusion that the appeal was frivolous.

Father filed a pro se response to counsel's *Anders* brief in which he alleged that trial counsel was ineffective and that the evidence was insufficient.[4]

---

[4]In resolving an *Anders* appeal, courts can discuss a pro se appellant's complaints provided those complaints have no arguable merit. *See Garner v. State,* 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *see also Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Father's complaints have no arguable merit. Trial counsel could not change the fact that Y.R.'s mother had relinquished her rights, that Father was serving a 35-year sentence for murder, or

3

In reviewing an *Anders* brief, we are to independently determine whether there are any arguable grounds for reversal and, thus, whether counsel was correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *K.M.*, 2003 WL 2006583, at *2; *In re AWT*, 61 S.W.3d 87, 89 (Tex. App.—Amarillo 2001, no pet.). Our review of the record reveals that the Department's petition notified Father on what grounds it sought to terminate his parental rights and that Father appeared for trial where he had an opportunity to defend against those grounds with counsel's assistance, to present evidence, and to cross-examine adverse witnesses. Further, the evidence considered by the trial court legally and factually supported its findings that (1) Father's actions satisfied at least one ground listed in section 161.001(b)(1) and alleged in the petition for termination and (2) terminating Father's parental rights was in Y.R.'s best interests under section 161.001(b)(2). *See generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing appellate court need not detail the evidence if affirming termination judgment). These findings were based on credibility and weight-of-the-evidence choices that we may not second-guess. *See In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005); *In re L.M.I.*, 119 S.W.3d 707, 712 (Tex. 2003), *cert. denied*, 541 U.S. 1043 (2004).

---

that Y.R. was parentless until—at the very earliest and perhaps much later—after his seventeenth birthday.

We find nothing in the record that might arguably support Father's appeal; thus, we affirm the trial court's termination judgment. *See Whiting v. State*, No. 02-12-00117-CR, 2013 WL 452160, at *1 (Tex. App.—Fort Worth Feb. 7, 2013, no pet.) (mem. op., not designated for publication).

But we must deny counsel's motion to withdraw without prejudice as premature. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016); *see also In re E.L.*, No. 02-17-00247-CV, 2017 WL 6047671, at *2 (Tex. App.—Fort Worth Dec. 7, 2017, no pet. h.) (mem. op.). We remind counsel of his continuing duty to represent Father through the exhaustion of proceedings, including possibly filing a petition for review in the supreme court. *See In re D.T.*, No. 02-17-00061-CV, 2017 WL 2806323, at *3 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op.).

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  WALKER, MEIER, and KERR, JJ.

DELIVERED:  February 15, 2018